# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LATRICIA MARIE HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-1340 RLW |
| ) | |
| KILOLO KIJAKAZI[1], ) | |
| Acting Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g), as made applicable to Title XVI cases through 42 U.S.C. § 1383(c). Plaintiff filed a brief in support of her Complaint (ECF No. 27) and Defendant filed a brief in support of her Answer. (ECF No. 33). The Court has reviewed the parties' briefs and the entire administrative record, including transcripts and medical evidence. Based on the following, the Court finds that the Commissioner's final decision is supported by substantial evidence on the record as a whole and should be affirmed.

**I.   Background**

Plaintiff first applied for Supplemental Security Income under Title XVI as a minor on February 25, 2004. (Tr. 51). The Commissioner issued a Notice of Award on July 19, 2004. *Id.* The Social Security Administration ("SSA") re-evaluated Plaintiff's eligibility in 2015 when she

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Under Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is automatically substituted for Andrew Saul as the Defendant in this suit. See 42 U.S.C. § 405(g).

1

turned 18 and concluded that she no longer qualified for SSI. (Tr. 164). An Administrative Law Judge ("ALJ") upheld the cessation of benefits later that year. (Tr. 104). The Appeals Council denied Plaintiff's request for review on April 25, 2016. (Tr. 123). Although Plaintiff retained counsel on June 1, 2016 (Tr. 225), she did not file a civil action for review of the SSA's decision.

Plaintiff filed a new application for SSI the following month. (Tr. 377). She alleges in her application that she is unable to work due to her intellectual disability, asthma, and bronchitis. (Tr. 378). The SSA denied Plaintiff's application (Tr. 229) and Plaintiff requested a hearing. (Tr. 46). At the hearing on July 12, 2018, the ALJ heard testimony from Plaintiff and Delores Gonzalez, M.Ed., a vocational expert. (Tr. 67). *Id.* The ALJ issued a decision on November 23, 2018, finding that Plaintiff was not disabled and therefore ineligible for SSI benefits. (Tr. 139-153). Plaintiff then filed a request for review with the Appeals Council. (Tr. 290). The Appeals Council granted Plaintiff's request and remanded the case to the ALJ. (Tr. 158). The Appeals Council directed the ALJ to, among other things, further evaluate evidence relating to Plaintiff's migraines, mental impairment, and residual functional capacity. *Id.* (Tr. 160-62). The ALJ conducted a second hearing on October 10, 2019 (Tr. 85) and issued a second unfavorable decision on December 23, 2019. (Tr. 13-29). The Appeals Council denied Plaintiff's request for review. (Tr. 1). Plaintiff filed the present action on September 24, 2020. (ECF No. 1).

As to Plaintiff's testimony, work history, and medical records, the Court accepts the facts as provided by the parties.[2] The Court will discuss specific facts below, as needed.

---

[2] The parties largely agree on the essential facts before the Court. (ECF Nos. 27 and 33-1). Nevertheless, the Court has evaluated the parties' remaining points of contention and determined that they are immaterial and would not affect the outcome of this case.

## II.     Legal Standard

Title XVI of the Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 416.920(a)(1); *see also Scott v. Berryhill*, 855 F.3d 853, 855 (8th Cir. 2017) (discussing the five-step process). First, the Commissioner considers the claimant's work activity. If the claimant is currently engaged in "substantial gainful activity," the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i); *Scott*, 855 F.3d at 855.

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe physical or mental impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii); *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d). If the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 416.920(c).

Third, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 42 U.S.C. § 416.920(a)(4)(iii); *Scott*, 855 F.3d at 855. If the claimant has such an impairment, the Commissioner will find the claimant disabled. If not, the Commissioner proceeds with the rest of the five-step process. 42 U.S.C. § 416.920(a)(4)(iii); *Scott*, 855 F.3d at 855.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). "RFC is defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 912 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC determination must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," it is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for providing evidence relating to her RFC, and the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If the ALJ determines that the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

4

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can adjust to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot adjust to other work, the Commissioner finds the claimant disabled. *Id.* At step five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

### III. The ALJ's Decision

Applying the foregoing five-step analysis, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2016. (Tr. 18). At step two, the ALJ determined that Plaintiff's severe impairments are obesity, borderline intellectual functioning, and migraines. *Id.* The ALJ concluded that Plaintiff's asthma and polycystic ovarian syndrome are non-severe impairments. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). The ALJ found that Plaintiff has the RFC to perform light work except:

> [t]he claimant is limited to frequent use of ramps and stairs, but no ladders, ropes, or scaffolds. She is limited to work in no more than a Code 3 noise environment. She is limited to simple, routine tasks, with few changes in work setting and only occasional interactions with supervisors, coworkers, or the general public.

(Tr. 22). At step four, the ALJ concluded that Plaintiff has no past relevant work. (Tr. 27). At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 28).

### IV. Standard of Review

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm. 42 U.S.C. § 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoted case omitted). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (citation omitted). An ALJ's failure to cite specific evidence does not indicate that she failed to consider such evidence. *Id*. The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Reece*, 834 F.3d at 908. Courts will not reverse an ALJ "merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016) (quotation marks and quoted case omitted). Put another way, where "the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

6

### V.     Discussion

Plaintiff's brief raises four issues for the Court's consideration. (ECF No. 27).

#### A.     Administrative finality applies to the February 27, 2015 hearing decision.

Plaintiff argues that administrative finality should not apply to the hearing decision dated February 27, 2015, and that the Court should reopen that matter. (ECF No. 27 at 9). Plaintiff asserts that she has good cause for her failure to timely pursue review of that decision because she was unrepresented at the time and lacked the mental competence to understand the filing requirements. *Id.* at 9-10. Plaintiff also seems to assert that the Appeals Council's denial violated her procedural due process rights. *Id.* at 27. Defendant counters that Plaintiff's 2015 case should not be reopened because Plaintiff retained counsel before expiration of the filing deadline and had the mental capacity to timely seek review. (ECF No. 33 at 8-9). The Court agrees with Defendant.

For the sake of clarity, it is important to note that the February 27, 2015 hearing decision is not the decision under review in this matter. (ECF No. 1). As explained above, Plaintiff first applied for SSI as a minor and began receiving benefits in 2004. (Tr. 51). The agency re-evaluated Plaintiff's eligibility when she turned 18 and determined that she no longer qualified for SSI. (Tr. 164). After a hearing, the ALJ upheld that determination on February 27, 2015. (Tr. 104). In a notice dated April 25, 2016, the Appeals Council denied Plaintiff's request for review and informed Plaintiff that she had "60 days to file a civil action (ask for court review)." (Tr. 123). Plaintiff then retained counsel on June 1, 2016 (Tr. 225) but did not seek review by this Court. Plaintiff instead filed a new application on July 19, 2016 (Tr. 377), which the Commissioner ultimately denied. (Tr. 1-3, 16-29). Plaintiff then filed the present action seeking review of the Commissioner's denial of the 2016 decision. (ECF No 1). Nevertheless, Plaintiff argues in her

7

brief that the Court should reopen the 2015 determination and "review the entire period covered by both cases." (ECF No. 27 at 9-18, 27-28).

A Federal District Court's jurisdiction to review the Commissioner's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Commissioner of Social Security made after a hearing[.]" The Commissioner's refusal to reopen an administratively final decision under 42 U.S.C. § 405(g) is not a "final decision . . . made after a hearing." *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995).

Here, it appears Plaintiff never asked the SSA to reopen her earlier case. That is, she did not exhaust her administrative remedies. Even if she had, it is questionable whether the Court could would have subject matter jurisdiction under 42 U.S.C. § 405(g) to review the SSA's determination.[3] *Id*. Still, Plaintiff's "good cause" argument lacks merit.

The record is rife with evidence that Plaintiff can read and write. (Tr. 73, 421, 471, 545, 563). At the first hearing on her July 2016 application, Plaintiff testified that she has no difficulties reading or writing in English.  (Tr. 73). In fact, Plaintiff listed "reading" as a hobby in her Function Reports dated January 14, 2014, and August 1, 2016. (Tr. 471, 563). Hence, there is reason to believe Plaintiff had the capacity to read and understand at least basic information contained in the Appeals Council's notice, which unambiguously states: "You have 60 days to file a civil action (ask for court review) . . . . If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file." (Tr. 124-25); *see Boock*, 48 F.3d at 352; *see also Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (finding that the district court reasonably

---

[3] The Supreme Court recently held in *Smith v. Berryhill* that an Appeals Council dismissal on timeliness grounds after a claimant had an ALJ hearing on the merits qualifies as a "final decision . . . made after a hearing" for the purposes of allowing judicial review under § 405(g). 139 S.Ct. 1765, 1769 (2019). The *Smith* decision, however, is of little guidance here because Plaintiff never asked the SSA to reopen her prior case.

8

rejected the plaintiff's claim that she was unaware of the filing deadline while reversing on other grounds).[4]

Even if the Court assumes Plaintiff's mental impairment made it impossible for her to understand the language in the notice, the record shows that Plaintiff retained counsel before the deadline for review had expired. (Tr. 225). Plaintiff asserts that her attorney could not help because "he does not do Social Security Cases in the Courts." (ECF No. 34 at 11). While that may be true, there is no evidence to suggest Plaintiff could not ask her attorney to explain the contents of the letter. Although not dispositive on its own, this fact weighs against Plaintiff in considering the circumstances that may have prevented her from making a timely request. Simply put, even though her attorney declined to represent her in court, the record establishes that Plaintiff had the benefit of counsel before the deadline expired. (Tr. 225).[5] Plaintiff has not put forth sufficient evidence to establish good cause for missing the filing deadline for court review.

Nevertheless, even where the Court lacks subject matter jurisdiction under § 405, it may review the Commissioner's refusal to reopen a decision if a plaintiff alleges a colorable constitutional claim. *Boock*, 48 F.3d at 352. In the present case, Plaintiff seems to assert that the

---

[4] In response to the Commissioner's argument that Plaintiff's self-representation in this case is evidence that Plaintiff can understand and meet deadlines, Plaintiff explains that her mother has assisted her throughout this process. (ECF No. 34 at 9). Plaintiff states that she previously filed a motion for extension of time to submit her brief (ECF No. 25) because her mother was ill and could not help at the time. (ECF No. 34 at 9). Unfortunately for Plaintiff, her ability to draft a letter and seek an extension without her mother's assistance could be seen as additional evidence of her ability to understand the proceedings and take the steps necessary to pursue her case.

[5] Plaintiff cites *Young v. Bowen*, 858 F.2d 951, 955 (4th Cir. 1988) and *Culbertson v. Sec'y of Health & Hum. Servs.*, 859 F.2d 319 (4th Cir. 1988) to support her argument that the Court should reopen her earlier application. (ECF No. 27 at 18). Those cases are distinguishable. In both cases, the SSA addressed finality at the administrative level and neither Young nor Culbertson had counsel at any time during the pendency of their prior determinations. *Young*, 858 F.2d at 953; *Culbertson*, 859 F.2d at 321.

Appeals Council's notice was procedurally insufficient as applied to her because of her impairment and lack of representation. (ECF No. 27 at 17).

As with her "good cause" argument, it appears Plaintiff never raised this issue at the administrative level. But again, assuming for this analysis only that the Court has jurisdiction over Plaintiff's newly asserted due process claim, the Court finds that Plaintiff's argument falls short. The record establishes that Plaintiff understands English (Tr. 73, 421, 471, 545, 563) and that she retained counsel before the deadline to seek court review had passed.  (Tr. 225). Plaintiff offers insufficient factual and legal support for her contention.

Based on the foregoing, and assuming for this analysis only that the Court has jurisdiction to review the issue, the Court declines to reopen Plaintiff's 2015 case and finds that administrative finality applies to Commissioner's February 2015 determination.

> B. **The ALJ applied the correct version of Section 12.00 of the Listing of Impairments.**

At step three, the ALJ must determine whether the claimant's impairment or combination of impairments meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 42 U.S.C. § 416.920(a)(4)(iii). Plaintiff argues that the ALJ should have applied Section 12.00 of Appendix 1 as it existed when Plaintiff filed her application on July 27, 2017, not the version that existed when the ALJ made her determination. (ECF No. 27 at 18). Plaintiff is incorrect.

Plaintiff filed her application on July 19, 2016. (Tr. 386). Effective January 1, 2017, the SSA revised the criteria under Section 12.00, which governs analysis of mental disorders. 81 FR 66137. The agency made clear that the changes would apply to all "new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date." *Id*. This Court previously addressed the issue in *Beatty v. Saul* and determined that "[b]ecause the

revised regulations were in effect at [the time of the final administrative decision], the ALJ properly considered the revised regulations." No. 2:18 CV 22 ACL, 2019 WL 4243087, at *5 (E.D. Mo. Sept. 6, 2019). Plaintiff's case law does not support a finding to the contrary.[6]

Although Plaintiff filed her application in July 2016 (Tr. 386), the ALJ did not issue a decision until November 2018. (Tr. 139). In other words, Plaintiff's application was still "pending on or after the effective date" of January 1, 2017. The Court finds that the ALJ applied the correct version of Section 12.00.

> **C.    Substantial evidence supports the ALJ's determination at step three that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.**

Plaintiff asserts that even if the ALJ applied the correct version of Section 12.00, her determination is unsupported by substantial evidence. (ECF No. 27 at 20-26). Plaintiff primarily takes umbrage with the ALJ's finding that the severity of Plaintiff's borderline intellectual disorder does not meet or equal the criteria in Listing 12.05. *Id.* at 26. Defendant, on the other hand, contends that the ALJ supported her findings with substantial evidence. (ECF No. 33, p. 12). The Court agrees with Defendant.

Section 12.00 of 20 C.F.R. Part 404, Subpart P, Appendix 1, governs the analysis of mental disorders in disability determinations. Listing 12.05 contains two paragraphs relating specifically to intellectual disorders. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05. The ALJ looked to Paragraph B to determine whether evidence of Plaintiff's impairments establishes that she has "significantly

---

[6] For example, Plaintiff relies on a Ninth Circuit case for the proposition that the SSA cannot apply "an amendment to the Social Security Act to cases that were not finally decided at the effective date[.]" (ECF No. 27 at 19) (citing *Ball v. Massanari*, 254 F.3d 817, 820 (9th Cir. 2001)). But the Ninth Circuit held the exact opposite: "Since Ball's claim was pending at the time of the March 29, 1996 enactment of Pub.L. No. 104–121, the [amendment] by its plain language applies to his claim."

subaverage general intellectual functioning" and "significant deficits in adaptive functioning," as required under Listing 12.05.[7] (Tr. 18-22).

To satisfy the requirements of Paragraph B, Plaintiff must establish the following:

1. Significantly subaverage general intellectual functioning evidenced by a or b:

    a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence; or
    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:

    a. Understand, remember, or apply information (see 12.00E1); or
    b. Interact with others (see 12.00E2); or
    c. Concentrate, persist, or maintain pace (see 12.00E3); or
    d. Adapt or manage oneself (see 12.00E4); and

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05B.

The ALJ determined that although Plaintiff has an IQ of 69—which satisfies part 1 of Paragraph B—her impairment does not result in one extreme limitation, or two market limitations,

---

[7] Paragraph A does not apply to Plaintiff because the record establishes that Plaintiff was able to participate in standardized testing of her intellectual functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05A1. (Tr. 659-60).

in adaptive functioning, as required by part 2 of Paragraph B.[8] (Tr. 22). "Adaptive functioning" refers to how an individual learns and uses conceptual, social, and practical skills in dealing with common life demands. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00H3a. An "extreme limitation" means the claimant cannot function in a particular area independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2e. A "marked limitation" means the claimant is seriously limited in her ability to function in a particular area independently, appropriately, effectively, and on a sustained basis. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00F2d.

Plaintiff testified that she was able to learn her job at Amazon after some additional support from other employees. (Tr. 75). Plaintiff indicated in her Function Report dated August 1, 2016 that she can take public transportation, pay bills, count change, and understand step-by-step written instructions. (Tr. 562). She indicated in two Function Reports that she socializes with others and gets along with authority figures. (Tr. 471, 473, 563, 564). Plaintiff can pay attention for a "long time," follow written instructions "very well," and manage her own personal care. (Tr. 467-477). She can shop for food, prepare meals, and complete household chores. *Id.* Further, according to progress notes obtained from Plaintiff's neurologists, she can follow commands, speak clearly, and pay attention. (Tr. 961, 1033, 1143). In light of this evidence, the ALJ concluded that Plaintiff has no marked or extreme limitations in the four areas of functioning listed in Paragraph B2. (Tr. 19).

Plaintiff argues that the ALJ relied too heavily on Plaintiff's testimony, her Function Reports, and the neurologists' progress notes. (ECF No. 27 at 22-23). Plaintiff asserts that the ALJ failed to consider other, more favorable evidence in the record. *Id.* at 3. While an ALJ must develop

---

[8] Part 3 of Paragraph B is not in dispute.

13

the record fully and fairly, they "are not required to discuss every piece of evidence submitted." *Wildman*, 596 F.3d at 966 (citation omitted). An ALJ's failure to cite specific evidence does not indicate that she failed to consider such evidence. *Id*.

The Court has reviewed the record as a whole and finds there is substantial evidence in the record to support the ALJ's step-three determination that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Court acknowledges that evidence exists in the record to suggest Plaintiff's impairments could be more severe. But where "the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee*, 638 F.3d at 863 (quoting *Goff*, 421 F.3d at 789). That is, the ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner*, 818 F.3d at 370. Because there is substantial evidence in the record to support the Commissioner's decision, the Court must affirm the determination at step three. 42 U.S.C. § 1383(c)(3).

> **D.    Substantial evidence supports the ALJ's determination at step five that there are jobs in the national economy that Plaintiff can perform.**

Plaintiff asserts that the ALJ's determination at step five is unsupported by substantial evidence. (ECF No. 27 at 26). Plaintiff argues that her RFC should reflect additional limitations that were included in some of the hypothetical scenarios posed to the vocational expert at the hearing. *Id.* In essence, Plaintiff makes two arguments: (1) The ALJ's determination as to Plaintiff's RFC is unsupported by substantial evidence; and (2) There are no jobs in the national economy that Plaintiff can perform considering her true RFC. Defendant, and this Court, disagree.

14

At step five, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932. While an RFC determination must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," it is nonetheless an administrative assessment—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

Plaintiff argues that the ALJ "ignored" relevant evidence in the record. But as explained above, where "the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee*, 638 F.3d at 863 (quoting *Goff*, 421 F.3d at 789). The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner*, 818 F.3d at 370.

Plaintiff also argues that the ALJ wrongly determined that her migraine testimony was not credible. (ECF No. 27 at 27). In evaluating the severity of effects of Plaintiff's migraines, the ALJ considered Plaintiff's testimony as well as medical and opinion evidence. (Tr. 22-27). The ALJ dedicated several pages to the topic with detailed citations to the record. *Id.* The Court will not "reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Reece*, 834 F.3d at 908.

15

Having reviewed the entire, the Court finds there is substantial evidence to support the ALJ's determinations regarding Plaintiff's RFC and the availability of applicable jobs in the national economy. Because there is substantial evidence in the record to support the Commissioner's decision, the Court must affirm. 42 U.S.C. § 1383(c)(3).

### VI.  Conclusion

Based on the foregoing, the Court finds that the ALJ's decision was based on substantial evidence in the record as a whole and should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of September, 2022.